**Tracey Rae VANDEVEER,**
**Plaintiff–Appellant,**

v.

**FORT JAMES CORPORATION,**
**Defendant–Appellee.**

**No. 02–2049.**

United States Court of Appeals,
Seventh Circuit.

Submitted March 11, 2003.*

Decided March 12, 2003.

Rehearing Denied April 10, 2003.

Before EASTERBROOK, ROVNER,
and EVANS, Circuit Judges.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

## ORDER

Although this case comes into federal court under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., it has its origin in the plaintiff's concern over perceived sexual-orientation discrimination at her workplace. For purposes of our review, we will assume the correctness of the appellant's factual allegations.

When Tracey Vandeveer, who suffers from multiple sclerosis, began working at Fort James Corporation in 1998, her MS symptoms were more or less under control. Before long, though, she began to believe that her co-workers were uncomfortable with her same-sex sexual orientation. She felt ostracized by her co-workers and singled out for unfair criticism by her boss. She found the situation stressful, and was concerned that the stress could trigger a flare-up of her MS. She allegedly expressed these concerns to various human resources officials at Fort James.

Her fears were soon realized: the disease flared up with disastrous results, leaving her effectively blind, incapacitated, and unable to work. She brought suit under the ADA, arguing that Fort James had failed to accommodate her MS-related work limitations by continuing to subject her to a stressful work environment – namely one that was permeated with anti-lesbian discrimination.

In a comprehensive 52–page order, the district court granted summary judgment for Fort James. The court reasoned that during the relevant period, Vandeveer's MS did not substantially limit any of her major life activities, and therefore did not qualify as a "disability" for purposes of the ADA. The court further determined that Vandeveer had not put Fort James on notice that she required any sort of accommodation, nor had she since then articulated any accommodations that Fort James could reasonably have provided. The court therefore found that Vandeveer had not established a failure to accommodate. Vandeveer moved for reconsideration, which the court denied.

On appeal, Vandeveer – proceeding pro se – attempts to refute each of the district court's conclusions. She identifies various ways in which MS has limited and continues to limit her life activities. She argues that Fort James knew of her condition, recognized it as a disability, and was therefore obliged to ask her what sort of accommodation she might need. And she suggests that the accommodation she sought – an end to the stressful and discriminatory environment – was reasonable and necessary, as she could not continue working under such conditions.

These arguments do not change the basic fact of this case: the only accommodation Vandeveer sought was an end to the anti-lesbian discrimination against her. It goes without saying, though, that the ADA was not designed to remedy discrimination based on sexual orientation, but to "eliminat[e] discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(1). At no stage of these proceedings has Vandeveer presented any evidence – or even suggested – that anyone at Fort James discriminated against her because of her disability. *See Foster v. Arthur Andersen, LLP,* 168 F.3d 1029, 1032–33 (7th Cir.1999). Her entire argument is that, because her MS was in danger of flaring up under excessive stress, she had the right under the ADA to request, as a reasonable accommodation, an end to discriminatory conditions that caused such stress. We understand that there are circumstances in which a reduction of stressful work assignments may be a reasonable accommodation under the ADA. *See, e.g., Bultemeyer v. Fort Wayne Cmty. Schs.,* 100 F.3d 1281, 1284 (7th Cir.1996) (mental

illness warranted less-stressful placement for school custodian). But in this case it was not the assignments that were alleged to be stressful, but rather aspects of the work environment entirely unrelated to Vandeveer's work responsibilities. To accept Vandeveer's reasoning would be to treat the ADA as a "back door" through which the disabled (and no one else) would be able to challenge any form of discrimination – or any kind of unpleasant circumstances – whatsoever. We decline to do so. *See Roth v. Lutheran Gen. Hosp.*, 57 F.3d 1446, 1461 (7th Cir.1995) (disability laws not to be used as "bargaining chips" to gain competitive advantage). The district court's grant of summary judgment is AFFIRMED.